UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 851 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| FRANCISCO MENDEZ-NUNEZ, et al. | ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
TO PRESERVE PROPERTY FOR CRIMINAL FORFEITURE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United

States Attorney for the Northern District of Illinois, requests entry of an order to maintain custody

of certain property to preserve it for criminal forfeiture.  In support of its motion, the government

states the following:

1.      On December 20, 2007, during the execution of federal arrest and search warrants

issued in the Northern District of Illinois for defendant FRANCISCO MENDEZ-NUNEZ and his

residence, respectively, law enforcement officials with the United States Drug Enforcement

Administration ("DEA") seized funds in the amount of approximately $172,000 from the subject

residence as property constituting and derived from proceeds obtained as a result of the defendant's

drug trafficking offenses.

2.      On or about February 4, 2008, written notice of the DEA's intention to forfeit the

seized funds was sent to all interested parties, as required by Title 18, United States Code, Section

983(a)(1)(A).

3.      On February 27, 2008, FRANCISCO MENDEZ-NUNEZ and Blanca Mendez-Nunez

filed a claim to the subject funds with the DEA in a nonjudicial civil forfeiture proceeding against

the funds.  That same day, DEA referred the claim to the United States Attorney's Office, under the

administrative forfeiture proceedings, to commence a civil forfeiture action pursuant to the provisions of 21 U.S.C. § 881(a)(6). Pursuant to 18 U.S.C. § 983(a)(3)(A), the Government has ninety days from the date FRANCISCO MENDEZ-NUNEZ and Blanca Mendez-Nunez filed their claim to commence a civil forfeiture action or obtain a criminal indictment containing an allegation that the seized funds are subject to forfeiture.

4.     On March 18, 2008, an indictment was returned charging defendant FRANCISCO MENDEZ-NUNEZ and others with violations of the Controlled Substances Act pursuant to the provisions of Title 21, United States Code, Sections 841(a)(1) and 846. The indictment seeks forfeiture of certain assets, including the seized funds, as property constituting or derived from the proceeds the defendants obtained, directly or indirectly, as a result of the violations charged in the indictment; and as property used or intended to be used in any manner or part to commit or facilitate the commission of the defendants' violations as charged in the indictment.

5.     Since the seized funds are alleged to be subject to forfeiture upon the conviction of defendant FRANCISCO MENDEZ-NUNEZ, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed."

6.     Title 21, United States Code, Section 853(e)(1)(A) provides in pertinent part:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture

> under this section upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;...

7.      Because the seized funds are in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the funds are subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized funds pursuant to 21 U.S.C. § 853(e)(1) in order to preserve the availability of the seized funds for forfeiture in this action.  Although Title 21, United States Code, Section 853(f) authorizes the issuance of a criminal seizure warrant, in cases similar to this case, where the property in question is already in the government's custody, it is inappropriate for a court to issue a seizure warrant directing the government to seize property from itself. *See In Re: 2000 White Mercedes ML320*, 220 F.Supp.2d 1322 (M.D.Fla. Sep 25, 2001) (if property is already in government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property).

8.      As set forth in the indictment, the government intends to seek forfeiture of the seized funds as part of the prosecution in this matter.  In order to ensure that the seized funds are available for forfeiture proceedings, the United States must maintain custody of this property.  If the seized funds are not maintained in the government's custody pending the outcome of any forfeiture proceedings, they are likely to be transferred, concealed or otherwise made unavailable to satisfy the defendants' forfeiture liability.  If the seized funds are transferred or concealed, it will be difficult, if not impossible, to trace the property that was involved in the charged illegal activity.

Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered by this Court at the time of sentencing.

WHEREFORE, pursuant to Title 21, United States Code, Section 853(e)(1)(A), the United States respectfully moves this Court to enter an order directing that approximately $172,000 seized on December 20, 2007, be maintained by the United States through the conclusion of the pending criminal case.

Respectfully submitted

PATRICK J. FITZGERALD
United States Attorney


By:    s/Meghan C. Morrissey
       MEGHAN C. MORRISSEY
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, Illinois 60604
       (312) 353-4045

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 851 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| FRANCISCO MENDEZ-NUNEZ, et al. | ) | |

**ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE**

This matter comes before the Court on the application of the United States for entry of an

order allowing the Government to maintain custody of certain property to preserve the property for

forfeiture, and the Court being fully advised finds as follows:

(a)      On December 20, 2007, during the execution of federal arrest and search warrants

issued in the Northern District of Illinois for defendant FRANCISCO MENDEZ-NUNEZ and his

residence, respectively, law enforcement officials with the United States Drug Enforcement

Administration ("DEA") seized funds in the amount of approximately $172,000 from the subject

residence for violations of the Controlled Substances Act.  The funds were seized as property

constituting and derived from proceeds obtained as a result of the defendant's drug trafficking

offenses;

(b)      On or about February 4, 2008, written notice of the DEA's intention to forfeit the

seized funds was sent to all interested parties, as required by Title 18, United States Code, Section

983(a)(1)(A);

(c)      On February 27, 2008, FRANCISCO MENDEZ-NUNEZ and Blanca Mendez-Nunez

filed a claim to the subject funds with the DEA in a nonjudicial civil forfeiture proceeding against

the funds.  That same day, DEA referred the claim to the United States Attorney's Office, under the

administrative forfeiture proceedings, to commence a civil forfeiture action pursuant to the

provisions of 21 U.S.C. § 881(a)(6).  Pursuant to 18 U.S.C. § 983(a)(3)(A), the Government has

ninety days from the date FRANCISCO MENDEZ-NUNEZ and Blanca Mendez-Nunez filed their

claim to commence a civil forfeiture action or obtain a criminal indictment containing an allegation

that the seized funds are subject to forfeiture;

(d)    On March 18, 2008, an indictment was returned charging defendant FRANCISCO

MENDEZ-NUNEZ and others with violations of the Controlled Substances Act pursuant to the

provisions of Title 21, United States Code, Sections 841(a)(1) and 846.  The indictment seeks

forfeiture of certain assets, including the seized funds, as property constituting or derived from the

proceeds the defendants obtained, directly or indirectly, as a result of the violations charged in the

indictment; and as property used or intended to be used in any manner or part to commit or facilitate

the commission of the defendants' violations as charged in the indictment;

(e)    The property is alleged to be subject to forfeiture upon the conviction of the

defendants, so entry of an order is necessary to preserve and protect the property to ensure that it is

ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing;

(f)    The property identified in the indictment is alleged to be subject to forfeiture pursuant

to Title 21, United States Code, Section 853(a)(1) and (2).  Title 21, United States Code, Section

853(e) provides in pertinent part:

> (1)    Upon application of the United States, the court may enter a
> restraining order or injunction, require the execution of a satisfactory
> performance bond, or take any other action to preserve the
> availability of property . . . for forfeiture under this section–;

(g)    Because the property is in the custody of the United States, and the grand jury has

determined that there is probable cause to believe that certain property belonging to the defendants

is subject to forfeiture, an order must be entered pursuant to 21 U.S.C. § 853(e)(1) to preserve the availability of the property for forfeiture;

(h)    In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property.  If the seized funds are transferred or concealed, they will be difficult, if not impossible, to trace the funds.  Further, upon entry of a forfeiture judgment, considering the character of this property, the funds will not be available to satisfy any forfeiture judgment entered at the time of sentencing.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED:

1.    That pursuant to 21 U.S.C. § 853(e)(1), approximately $172,000 seized on December 20, 2007 shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendants.


ENTER:

_____
ROBERT W. GETTLEMAN
United States District Judge


Date: _____

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49,. Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER
TO PRESERVE PROPERTY FOR CRIMINAL FORFEITURE**

was served pursuant to the district court's ECF system as to all ECF filers, on May 28, 2008.


<u>s/Meghan C. Morrissey</u>
Meghan C. Morrissey
Assistant United States Attorney